UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOSHIE ANTOINETTE PHELPS,

    Plaintiff,

v.                                                            Case No: 8:19-cv-2968-TPB-JSS

DILLARD'S, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion to Dismiss with Prejudice ("Motion"). (Dkt. 22.) Upon consideration and for the reasons that follow, the Court recommends that the Motion be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff initially filed this action in the Thirteenth Judicial Circuit Court in Hillsborough County asserting claims against Defendant for injuries she allegedly suffered at Defendant's store in Brandon, Florida on April 14, 2018. (Dkt. 1-1.) Plaintiff contends she tripped over a shoe fitting stool inside the store and seeks damages for Defendant's alleged negligence. Defendant removed the case to this Court on December 4, 2019. (Dkt. 1.) At that time, Plaintiff was represented by counsel. On October 20, 2020, the Court granted counsel's motion to withdraw. (Dkt. 17.) The Court provided Plaintiff with twenty days to obtain new counsel or proceed *pro se*. The Court advised Plaintiff that "[n]othing in this order shall be construed to

relieve Plaintiff of her obligations to duly prosecute this matter and comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida." (Dkt. 17.)

A few months later, Defendant filed the instant Motion. (Dkt. 22.) Plaintiff did not file a response to the Motion. On February 17, 2021, the Court directed Plaintiff to respond to the Motion on or before March 3, 2021. The Court advised that if Plaintiff did not file a response, the Court would deem the Motion unopposed. (Dkt. 24.) Plaintiff did not file a response to the Motion.

The Court consulted with the parties concerning a hearing date and scheduled a hearing on the Motion on a mutually agreeable date. (Dkt. 26.) The Court ordered the parties to appear before the undersigned on May 21, 2021 by Zoom videoconference and permitted Plaintiff to utilize the resources of the United States Marshal's office to appear by Zoom if necessary. Further, the Court advised Plaintiff that "failure to appear for this hearing may result in dismissal of this action, with prejudice." (Dkt. 26.) Plaintiff did not appear for the hearing. The Court attempted to contact Plaintiff by telephone before starting the hearing but was unable to reach her. The hearing proceeded in Plaintiff's absence.

In the Motion, Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice. (Dkt. 22.) Defendant argues that the case should be dismissed because Plaintiff is inflicting a fraud on the Court. Specifically, Defendant argues that Plaintiff misrepresented prior existing neck pain, numbness, and other injuries from previous

accidents. Defendant contends that Plaintiff has "grossly misrepresented facts that are central to her claims for damages," such that Defendant should not be forced to continue the litigation. (Dkt. 22 at 7.) Defendant moves the Court for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent supervisory authority. The presiding district court judge referred the Motion to the undersigned for a report and recommendation.

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action when a plaintiff fails to prosecute the case or comply with the Court's rules and orders. A dismissal with prejudice pursuant to Rule 41(b) is an adjudication on the merits. Fed. R. Civ. P. 41(b).

Furthermore, federal district courts have inherent authority to dismiss an action due to a "fraud on the court." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 8:07-cv-1024-T-17EAJ, 2009 WL 928556, at *3 (M.D. Fla. Mar. 31, 2009) ("In the Middle District, there is no question that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court.") (internal punctuation and citation omitted); *Vargas v. Peltz*, 901 F. Supp. 1572, 1580 (S.D. Fla. 1995) (dismissing an action with prejudice upon finding by clear and convincing evidence that Plaintiff fabricated evidence). Dismissal is a sanction of

"last resort" and is only warranted upon a clear record of delay or willful misconduct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). The Court must also find that lesser sanctions are inadequate before dismissal with prejudice in this manner. *Id.*

## ANALYSIS

In this Motion, Defendant argues that alleged inconsistencies between Plaintiff's allegations and Plaintiff's medical records establish that Plaintiff "has attempted to commit a fraud on this Honorable Court to further her own interests." (Dkt. 22 at 7.) Upon review of the Complaint, Plaintiff's deposition transcript, and the medical records submitted in support of the Motion, the undersigned does not find a "clear record of delay or willful contempt" that would warrant the extreme sanction of dismissal with prejudice. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.") (internal punctuation and citation omitted). Other than the allegations of perjury, Defendant does not contend that Plaintiff has acted contemptuously during the litigation.

The Eleventh Circuit Court of Appeals has determined that perjury is a fraud between the parties, not on the Court. *Patterson v. Lew*, 265 F. App'x 767, 769 (11th Cir. 2008); *Sec. & Exh. Comm'n v. ESM Grp., Inc.*, 835 F.2d 270, 273–74 (11th Cir. 1988) ("This is the type of fraud which the litigants should discover; it does not prevent a party from gaining access to an impartial system of justice."). As one court explained,

to constitute a fraud on the court, "the plaintiff must direct his actions *to the court*—either by submitting fabricated evidence or else by concealing the true party in interest." *Bassett v. Wal-Mart Stores E., LP*, No. 18-61984-civ, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019). Thus, where, as here, one party contends the other has committed perjury, these allegations may provide fertile ground for impeachment at trial, but generally do not warrant the extreme sanction of dismissal with prejudice. *McCarthy v. Am. Airlines, Inc.*, No. 07-61016-civ, 2008 WL 2517129, at *2 (S.D. Fla. June 23, 2008) (noting that inconsistencies in evidence may bear on the plaintiff's credibility, but did not warrant dismissal with prejudice); *Dewdney v. Eckerd Corp.*, No. 8:07-cv-567-T-24TBM, 2008 WL 2370155, at *3 (M.D. Fla. June 6, 2008) (finding that plaintiff's inconsistent evidence warranted lesser sanctions, but not dismissal with prejudice).

Defendant also maintains that the multi-factor test developed by the Southern District of Alabama in *In re Amtrak "Sunset Limited"' Train Crash in Bayou Canot, Alabama on Sept. 22, 1993*, 136 F. Supp. 2d 1251 (S.D. Ala. 2001), *aff'd sub nom. In re Amtrak*, 29 F. App'x 575 (11th Cir. 2001) supports dismissal of Plaintiff's Complaint with prejudice. (Dkt. 22 at 10.) In *In re Amtrak*, the court addressed allegations of perjury and litigation misconduct in complex multi-district litigation. The litigation continued for many years, arising from a train accident that caused extensive injuries and fatalities. The court's decision was premised upon extenuating facts and circumstances that are not present in this case. *See In re Amtrak*, 136 F. Supp. 2d at

1270 (noting that the litigation continued for more than seven years and that the court had issued "over 100 substantial orders" and "spent an inordinate amount of time disposing" of the cases arising from the train accident). *In re Amtrak* is distinguishable from this case.

Under controlling Eleventh Circuit precedent, the undersigned cannot conclude that Defendant's allegations of perjury, even if true, would be sufficient to warrant the relief requested. *See Reina-Leon v. Home Depot U.S.A. Inc.*, No. 8:18-cv-2262-T-33AEP, 2019 WL 1558738, at *4 (M.D. Fla. Apr. 10, 2019) ("This type of inconsistent testimony—while suspicious—does not establish that Reina-Leon engaged in a concerted plan to deceive this Court about his past right shoulder injuries."). Defendant has not established that Plaintiff has intentionally defrauded the Court regarding the nature, extent, or cause of her injuries. *See Bryant v. Troutman*, No. 3:05-cv-162-J-20MCR, 2006 WL 1640484, at *2 (M.D. Fla. June 8, 2006) ("While the Defendants have not met their burden on a motion to dismiss for fraud, to the extent that they believe that Plaintiffs have been untruthful, Defendants will have ample opportunity to bring those untruths to light at trial.").

Furthermore, the sanction of dismissal with prejudice is "'unsparing'" and courts generally "strive to afford a litigant his or her day in court, if possible." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (quoting *Mingo v. Sugar Cane Growers Co-op. of Florida*, 864 F.2d 101, 103 (11th Cir. 1989)). For these reasons, before granting a dismissal with prejudice, the court must "reflect[] upon the

wide range of sanctions at its disposal and conclude[] that none save dismissal would spur this litigation to its just completion." *Mingo*, 864 F.2d at 103; *see Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) ("Dismissals with prejudice, by contrast, are drastic remedies that should be used only when a lesser sanction would not better serve the interests of justice.") (internal punctuation and citation omitted).

Alternatively, Defendant requests dismissal of the Complaint without prejudice. (Dkt. 22 at 13.) The Court is empowered to dismiss an action without prejudice pursuant to Rule 41(b) and its inherent authority. *Johnson*, 806 F. App'x at 928. Generally, a dismissal without prejudice is a more lenient sanction "because the affected party may simply re-file." *Id.* Moreover, a dismissal without prejudice may be an appropriate sanction where a party fails to obey court orders or prosecute the case. *See Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court."); *Battle v. Laughlin*, No. cv 317-056, 2017 WL 6945062, at *1 (S.D. Ga. Dec. 19, 2017), *report and recommendation adopted,* No. cv 317-056, 2018 WL 405118 (S.D. Ga. Jan. 12, 2018).

The undersigned recommends that this case be dismissed without prejudice. When Plaintiff's counsel withdrew from the representation, the Court advised Plaintiff that the withdrawal of counsel did not relieve her of the obligation to duly prosecute this matter and comply with the orders of the Court. (Dkt. 17.) After Defendant filed this Motion asking the Court to dismiss Plaintiff's claims with prejudice, the Court

directed Plaintiff to respond and granted her additional time to do so, in excess of the twenty-one days provided by Local Rule 3.01(c). (Dkt. 25.) In the absence of any response, the Court scheduled a hearing on the Motion to further provide Plaintiff an opportunity to be heard. The Court advised Plaintiff that failure to appear for the hearing could result in dismissal of the action, with prejudice. (Dkt. 26.) Plaintiff did not file a response to the Motion or seek an extension. Thus, Plaintiff has not offered any argument in opposition to the Motion or made any attempt to continue to prosecute this case. The Court repeatedly advised Plaintiff that failure to abide by the Court's directives could result in dismissal of this action. *See Adeniji v. Att'y Gen. Middle Dist. of Fla.*, 786 F. App'x 1002, 1003 (11th Cir. 2019) ("Generally, where a litigant has been forewarned, dismissal for failure to comply with a court order does not constitute an abuse of discretion.").

Furthermore, counsel for Defendant advised the Court that while proceeding *pro se* in this case, Plaintiff has not attempted any discovery, engaged in settlement negotiations, or responded to discovery requests. In light of these circumstances, the undersigned recommends that this action be dismissed without prejudice. *See, e.g.*, *Porter v. Inch*, No. 3:19-cv-327-BJD-JRK, 2021 WL 1193265, at *4 (M.D. Fla. Mar. 30, 2021) (dismissing an action without prejudice where the plaintiff failed to prosecute the case and comply with court's directives); *Walker v. Miner*, No. 8:16-cv-284-T-36SPF, 2018 WL 10705407, at *1 (M.D. Fla. Dec. 13, 2018) (dismissing action without prejudice due to the plaintiff's failure to comply with the court's order).

Accordingly, it is **RECOMMENDED** that

1. Defendant's Motion to Dismiss with Prejudice (Dkt. 22) be **GRANTED** in part and **DENIED** in part as set forth herein.

2. This action be **DISMISSED, without prejudice**.

3. The Clerk be directed to terminate any pending motions and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on July 21, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record